**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § § | |
| *Plaintiff,* | § | Civil Action No. 2:16-cv-00747-JRG-RSP |
| | § | **(LEAD)** |
| v. | § § | |
| APMEX, INC., | § | |
| COSTCO WHOLESALE CORP., | § | Civil Action No. 2:16-cv-00748-JRG-RSP |
| MUSICIAN'S FRIEND, INC., and GUITAR CENTER, LLC, | § § | Civil Action No. 2:16-cv-00749-JRG-RSP |
| SAKS INCORPORATED, | § | Civil Action No. 2:16-cv-00751-JRG-RSP |
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | § § | Civil Action No. 2:16-cv-00752-JRG-RSP |
| *Defendants.* | § § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

1

case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony**. A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures**.[1] Without awaiting a discovery request, each party will make the following disclosures to every other party:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production. The parties are not prohibited from propounding requests for production. However, any requests for production should be propounded after the parties have conferred in good faith in an attempt to obtain the desired discovery by agreement.

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

**P.R. 3-1(g):** If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

**P.R. 3-3(e):** If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders**. The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations**. The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with the following:

*(a) Interrogatories*. Each party may serve up to twenty-five (25) interrogatories on each other party.

*(b) Requests for Admission*. Pursuant to the limitations and allowances under Rule 36 of the Federal Rules of Civil Procedure. Prior to serving RFAs relating to authenticity, the parties agree to meet and confer telephonically to determine whether agreement may be reached before serving such requests.

*(c) Oral Fact Depositions of Third-Parties*. Plaintiff may take up to sixty (60) hours of depositions of third parties excluding limits regarding depositions of non-party inventors set forth below. In addition to the depositions of non-party inventors discussed below, each Defendant may take up to twenty-eight (28) hours of depositions of third parties. Third party depositions on validity and other common issues can be relied upon by Defendants that did not take the deposition, subject to confidentiality restrictions. .

*(d) Inventor Oral Deposition*. Defendants jointly may take seven (7) hours of deposition testimony of each inventor (with an additional one (1) hour per inventor per Defendant, and at the discretion of each Defendant or if that Defendant exits this matter, such additional time may be allocated to another Defendant).

*(e) Party Oral Depositions Pursuant to 30(b)(6) and 30(b)(1)*. Plaintiff may take up to forty-five (45) hours of 30(b)(6) and 30(b)(1) depositions of each Defendant (a 30(b)(1) deposition of a current employee of a party constitutes a deposition of that party). Defendants may jointly take up to forty-five (45) hours of 30(b)(6) and 30(b)(1) depositions of Plaintiff (a 30(b)(1) deposition of a current employee of a party constitutes a deposition of that party), where each Defendant shall be entitled to a proportionate share of that deposition time, unless otherwise agreed to by the Defendants.

*Expert Oral Depositions*. Each party may have up to three (3) expert witnesses.

Each expert relied upon by Plaintiffs may be deposed with the deposition consisting of three (3) hours of common questions by all defendants and a separate four (4) hours of individual questioning by each Defendant for each report submitted. Plaintiff may depose each expert relied upon by Defendants for up to seven (7) hours per report. Each side may take up to seven (7) hours of deposition testimony of any expert witness for each expert report submitted by the expert (an expert report on the issue of infringement, invalidity or damages shall be regarded as a separate report on each issue even if combined into one physical report), An expert who submits a report on invalidity or validity against, or on behalf of, more than one Consolidated Defendant may be deposed by the opposing side regarding that report for a total of fourteen (14) hours. In addition, in the event an expert report regarding infringement or invalidity relies upon more than ten (10) claims or ten (10) prior-art references, an additional one (1) hour of deposition time shall be added for each additional claim or prior art reference above ten (10).

The number of deposition hours allotted in any of the above paragraphs may be modified by agreement of the parties or further order of the Court. If any party requests more than the allotted time for a particular deposition or if any side seeks more than the number of designated hours set forth herein, the parties agree to meet and confer in a good faith effort to resolve the issue without need for intervention by the Court.

The parties further agree to the following limitations for the purposes of determining the time allowed for expert depositions:

1. The opening expert report constituting the Rule 26(2) Disclosure and all rebuttal reports or supplemental reports on the same topic shall constitute a single report, unless such supplemental report is served after the taking of the expert's deposition, in which case the parties will meet and confer to negotiate a limited additional deposition of such expert.

2. A single expert declaration, provided apart from an expert report, includes any rebuttal or supplemental declaration on the same topic, as for example in support of claim construction or summary judgment briefing. If such declaration, rebuttal declaration, or supplemental declaration is provided after the expert's deposition, the Parties will meet and confer to negotiate whether a limited additional deposition of such expert is necessary. "Side" means a party or a group of parties with a common interest.

Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other

party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. Notwithstanding the foregoing, the parties shall not be required to list on their respective privilege logs attorney–client communications or litigation–related work product created on or after the filing of the operative complaint.

7. **Signature**. The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement**. After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**
    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written

statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.** **No Excuses**. A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11**. **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.** **Proposed Stipulations by the Parties Regarding Discovery:**

(a) *See* proposed change to Section 5.

(b) The Parties agree to negotiate an eDiscovery order by December 2, 2016, using the Court's Model Order Regarding E–Discovery in Patent Cases as a guide.

(c) The Parties agree to accept service of discovery requests, disclosures and responses via electronic mail. Parties may serve all documents by e-mail by sending the documents to the e-mail addresses for all counsel of record in this case.

**IT IS SO ORDERED.**

**SIGNED this 20th day of November, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE